```
             UNITED STATES BANKRUPTCY COURT
           FOR THE NORTHERN DISTRICT OF IOWA
                    WESTERN DIVISION
```

IN RE:

DANNY GEORGE MULDOWNEY                        Chapter 13
JOLENE CHARLOTTE MULDOWNEY

   Debtors.                        Bankruptcy No. 07-00680S

ORDER RE:
<u>APPLICATIONS FOR FEES AND EXPENSES</u>

Donald H. Molstad, debtors' attorney, applies to the court for allowance of professional fees and for reimbursement of expenses pursuant to 11 U.S.C. § 330(a)(4)(B) and Fed.R.Bankr.P. 2016(a). He asks that the allowance be paid from the estate. The application was served on all creditors and parties with notice of the time for objection. No one objects.

Debtors filed their chapter 13 petition on April 20, 2007. Their plan was confirmed December 20, 2007.

Prior to the filing of the case, Molstad received a retainer of $1,000.00 to be applied against any fee award. In his application, Molstad asks for allowance of $3,210.00 in fees and reimbursement of $2,621.24 in expenses. For his fee, Molstad seeks an hourly rate of $150.00 for 21.4 hours of work. I find the request for professional compensation is reasonable, and I will allow compensation in the amount of $3,210.00.

In addition to fees, the court may award reimbursement for "actual, necessary expenses." 11 U.S.C. § 330(a)(1)(B). I have

examined Molstad's request for reimbursement of expenses.  He seeks reimbursement of $701.24 for the costs of fax transmissions, filing fees, postage and envelopes.  These will be allowed.

Remaining is Molstad's request to be reimbursed for making 3,840 copies of documents.  He seeks reimbursement at the rate of 50 cents per copy for a total of $1,920.00.

Because of my concern about the amount of the copy fee request, I issued an order requiring Molstad to identify the documents copied and the basis for reimbursement at the rate of 50 cents per page.  On February 13, 2008, Molstad filed a report showing the documents copied.  As part of the report, he stated that his office had made an additional 1,527 copies which they had mistakenly omitted from the application.  Based on the report and the initial application, I find the copy expenses were necessary.  The court will award reimbursement for 5,367 copies. Further notice regarding the additional copies is not required.

In reporting to the court the basis for the cost per copy, Molstad stated:

> [T]he copy fee of .50 cents (sic) per page was
> determined based upon the increase in copy fees that
> the Clerk of Bankruptcy Court charged for making copies
> in their office.

Doc. 78.

I agree that pursuant to the Bankruptcy Court Miscellaneous Fee Schedule (effective January 1, 2007), the clerk's office

2

charges 50 cents per page for reproducing any record or paper. This fee involves an administrative component for retrieval. This charge is not proof of the actual cost for a private law office for making copies. Moreover, it may not be the clerk's cost for making a copy. Also, it is not the court's only charge for printing copies. When an attorney or member of the public locates a document at an electronic public access terminal at the clerk's office, that person may print the document on the clerk's office printer for 10 cents per page.

Applicant's justification for reimbursement of copy fees is insufficient. A showing of actual costs for printing copies may include the attorney's cost of paper, the cost of ink or toner, and I would think also the allocation of the purchase cost or rental cost of a printer over its useful life measured in the number of copies. Maintenance of the copier may also be considered. No calculation of the attorney's actual cost for copying has been presented to the court.

Even having found Molstad's support for reimbursement of copy costs insufficient, I am adverse to denying any allowance. Clearly the copies cost him something. But what allowance should be made? The court is put in the difficult position of either denying any reimbursement for copy costs or selecting a per page rate of reimbursement with no more justification or evidentiary support than that presented to it by the applicant.

It would be useful to have a "default rate" for copies, one that was reasonable although it might be too high for some law offices and too low for others. But even such a rate should be supported in fact. For many years, attorneys were allowed reimbursement at the rate of 25 cents per page if no objection were filed. But even 25 cents was never supported in evidence. I cannot remember any case in which there was evidence submitted as to the actual cost of making a copy of an 8-1/2 X 11 inch text document.

I will select a default rate, and allow it for the copies produced in this case. I recognize there is precious little support for it in the record. The rate will be 15 cents per page, which exceeds the cost of copies made from the clerk's printer by users of the clerk's public access terminal. This rate will apply to requests for copy fees in any cases assigned to me. It is not "written in stone." The court might well change the default rate based on changed circumstances or better evidence.

Attorneys, of course, will be able to obtain a higher actual rate by proving the cost of materials and a reasonable method of allocating the purchase or rental cost and maintenance of a printer on a per-copy basis. Once allowed to an attorney, such a proven rate will be permitted to the attorney in subsequent applications, using the same support information. Also, an

attorney may seek a different rate in any case by submitting support showing actual costs.

In this case, Molstad will be reimbursed at the rate of 15 cents per page for 5,367 copies for a total of $805.05.

IT IS ORDERED that Donald H. Molstad is awarded professional compensation of $3,210.00 and reimbursement of expenses in the amount of $1,506.29. He may apply his retainer of $1,000.00. The balance of the fees and expenses, in the amount of $3,716.29, shall be paid from the estate, by the trustee, as an administrative priority expense under 11 U.S.C. § 507(a)(2). Judgment shall enter accordingly.

DATED AND ENTERED   February 22, 2008

William L. Edmonds, Chief Bankruptcy Judge